■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERNARD J. KADIN, Appellant.— Appeal by defendant: (1) from an order of the Supreme Court, Queens County, entered September 10, 1964 denying his motion for resentence; and (2) from a judgment of the former County Court, Queens County, rendered June 19, 1956 on his plea of guilty, convicting him of grand larceny in the second degree, and imposing sentence upon him as a second felony offender. The motion for resentence was based on the defendant's contention that section 480 of the Code of Criminal Procedure was not complied with in that he, personally, was not given an opportunity to be heard. Appeal from order and judgment dismissed. An order denying a motion for resentence is not appealable (*People* v. *Sidoti*, 1 A D 2d 232; *People* v. *Sheehan*, 4 A D 2d 143); and so much of the appeal as purports to be from the judgment of

conviction was not taken timely. If the motion for resentence is considered as a *coram nobis* application to vacate a judgment of conviction, the remedy of *coram nobis* does not lie for an alleged failure to comply with said statute (*People* v. *Sullivan*, 3 N Y 2d 196; *People* v. *Woodruff*, 32 Misc 2d 213, affd. 20 A D 2d 970). We have, however, considered the merits. The minutes show that the Clerk gave the required allocution; that both the defendant and his attorney spoke thereafter; and that the defendant was not deprived of any opportunity to speak. The statute is complied with when a defendant is represented by counsel; the Clerk gives the required allocution; counsel addresses the court in the defendant's behalf, and the defendant is not deprived of any opportunity to be heard (*People ex rel. Kaminsky* v. *Silberglitt*, 30 Misc 2d 813, affd. 15 A D 2d 751; *People* v. *Woodruff, supra*). Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.